UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CORY BROWN,

        Plaintiff,

  -against-

CHRISTOPHER MILLER, SUPERINTENDENT,
GREAT MEADOW CORRECTIONAL FACILITY
ANTHONY J. ANNUCCI, ACTING
COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES and
CORRECTIONS OFFICER HALL,

        Defendants.

**COMPLAINT**
Civil Action No.:  9:21-cv-1345 TJM/ML

**JURY TRIAL DEMANDED PURSUANT TO RULE 38(b)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**COMPLAINT**

The Plaintiff, by and through his attorneys, DeLorenzo, Grasso & Dalmata, LLP, respectfully allege as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff institutes these proceedings and invokes the jurisdiction of this court under and by virtue of 28 U.S.C.A. § 1343 to obtain the costs of suit, including reasonable attorney fees, and damages suffered by Plaintiff and caused by Defendants' violation of his rights as guaranteed in the Eighth and Fourteenth Amendments to the Constitution of the United States and by federal law, particularly 42 U.S.C.A. § 1983.

DELORENZO, GRASSO & DALMATA, LLP
670 Franklin Street, Suite 100
Schenectady, New York 12305

2.     This court also has jurisdiction of this action under 28 U.S.C.A. § 1331, in that the matter in controversy arises under the Eighth and Fourteenth Amendments of the Constitution of the United States.

3.     The violation of Plaintiff's rights was committed within the State of New York.

## PARTIES

4.     Plaintiff, Cory Brown, is a citizen of the United States of America and was an inmate of the New York State Division of Corrections, incarcerated at the Great Meadows Correctional Facility ("Prison") 11739 State Route 22, Comstock, New York 12821.

5.     Defendant Christopher Miller was at all times relevant herein the duly appointed, qualified and acting Superintendent of the Great Meadows Correctional Facility, and is and at all times relevant herein was a resident of the State of New York.

6.     Defendant Anthony J. Annucci, was at all times relevant herein a duly appointed, qualified and acting Commissioner of the New York State Department of Corrections, and is and at all times relevant herein was a resident of the State of New York.

7.     Defendant, Corrections Officer Hall, was at all times relevant herein a duly appointed, qualified and acting Corrections Officer at the Great Meadows Correctional Facility, and is and at all times relevant herein was a resident of the State of New York.

8.     Defendants Christopher Miller, Superintendent of Great Meadows Correctional Facility, Anthony J. Annucci, Acting Commissioner of the New York State Department of Correctional Services and Corrections Officer Hall, are sued individually and in their official capacities. Relief is sought against each and all Defendants as well as their agents, assistants, successor, employees and persons acting in concert or cooperation with them or at their direction or under their supervision.

9. At all times relevant herein, Defendants Christopher Miller, Superintendent of Great Meadows Correctional Facility, Anthony J. Annucci, Acting Commissioner of the New York State Department of Correctional Services and Corrections Officer Hall, and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the Department of Correctional Services whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the Department of Correctional Services.

10. At all times relevant herein, Defendants have acted under the color of authority of the law of New York State or in active concert with such Defendants who are so acting.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs marked "1" through "10" as if they were more fully set forth below.

12. On or about the 15th day of December, 2018, Plaintiff was viciously, maliciously and brutally assaulted by an inmate who was being escorted to protective custody causing Plaintiff to suffer extreme physical pain and mental anguish and humiliation, the full extent of which cannot be measured.

13. Defendants Christopher Miller, Superintendent of Great Meadows Correctional Facility, Anthony J. Annucci, Acting Commissioner New York State Correctional Services, Corrections Officer Hall and their officers, agents, assistants and employees individually and collectively were grossly negligent in:

a. allowing an inmate while being escorted and in protective custody to viciously, maliciously and brutally assault Plaintiff; and in

b.      failing to use proper restraints when escorting said inmate when based on prior experience they knew or in the exercise of ordinary care should have known that these practices made it highly foreseeable that some inmates, and in particular Plaintiff would be attacked.

14.      In addition, Defendants Christopher Miller, Superintendent of Great Meadows Correctional Facility, Anthony J. Annucci, Acting Commissioner New York State Correctional Services and Corrections Officer Hall and their officers, agents, assistants and employees were grossly negligent in failing to use proper restraints when escorting said inmate on the date in question when they individually and collectively knew, or in the exercise of ordinary care should have known, based on prior experience (a) that this practice made it highly foreseeable that some inmates, and in particular Plaintiff would be attacked.

15.      The acts of Defendants, and each of them, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and have caused Plaintiff to suffer damages in the sum of One Million ($1,000,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

16.      Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs marked "1" through "15" as if they were more fully set forth below.

17.      Defendants Christopher Miller, Superintendent of Great Meadows Correctional Facility, Anthony J. Annucci, Acting Commissioner New York State Correctional Services and Corrections Officer Hall and their officers, agents, assistants and employees, individually and collectively, egregiously failed to provide adequate security for Plaintiff by allowing an inmate while being escorted to protective custody to viciously, maliciously and brutally assault Plaintiff when they individually and collectively knew, or in the exercise of ordinary care should have

known, based on prior experience that this practice made it highly foreseeable that some inmates, and in particular Plaintiff would be attacked.

18. In addition, Defendants Christopher Miller, Superintendent of Great Meadows Correctional Facility, Anthony J. Annucci, Acting Commissioner New York State Correctional Services and Corrections Officer Hall and their officers, agents, assistants and employees, individually and collectively, egregiously failed to provide adequate security for Plaintiff by failing to use proper restraints when escorting said inmate on the date in question when they individually and collectively knew, or in the exercise of ordinary care should have known, based on prior experience that this practice made it highly foreseeable that some inmates, and in particular Plaintiff would be attacked.

19. The acts of Defendants, and each of them, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and have caused Plaintiff to suffer damages in the sum of $1,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs marked "1" through "19" as if they were more fully set forth below.

21. Immediately after the viciously, maliciously and brutally assault against plaintiff by Inmate Adrian Golding (13A5383), Defendants, acting alone and together and in concert, with one another and with others, maliciously, and without reasonable grounds therefor, detained Plaintiff.

22. The fraudulent investigation and wrongful detention by Defendants were and are in violation of Plaintiff's right to be free from unreasonable seizure secured by the Fourth and Fourteenth Amendments to the United States Constitution, and to be free from deprivation of

liberty without due process secured by the Fourteenth Amendment to the United States Constitution, both of which are redressable in a suit under 42 U.S.C. § 1983.

23. As a direct and proximate result of Defendant's fraudulent investigation and wrongful detention of Plaintiff as described above, Plaintiff has suffered damages in the form of costs incurred to defend against the prosecution, and Plaintiff has suffered grievous and permanent injury, including the loss of liberty for more than 19 days and the attendant loss of freedom, companionship, and income; the attendant infliction of mental and physical pain, suffering, anguish and distress in connection with incarceration and the deprivation of his constitutional and statutory rights.

24. The acts of Defendants as described above were motivated by an evil motive and intent, and involved a reckless and callous indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually-named Defendants.

25. If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR A FOURTH CAUSE OF ACTION

26. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs marked "1" through "25" as if they were more fully set forth below.

27. As a direct and proximate consequence of the acts of Defendants, and each of them, as alleged, Plaintiff was unlawfully and falsely imprisoned in the Great Meadows Correctional Facility for 19 days.

28. Plaintiff suffered loss of friendship, hobbies and earnings, enduring great mental pain and suffering due to the Defendants' conduct and his resulting detainment. Plaintiff is

informed and believes and therefore alleges that this loss of earnings, enduring great mental pain and suffering will continue into the future and therefore alleges damages due to such loss of earnings and mental pain and suffering in the future. As a result of the conduct of the Defendants as alleged, Plaintiff has been damaged in the amount to be shown according to proof.

29. The above-recited actions of Defendants were committed with evil motive and intent and with reckless disregard for the truth and with reckless indifference to Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages against Defendants for the purpose of punishing these Defendants and to deter them and others from such conduct in the future.

WHEREFORE, Plaintiff respectfully prays this court to:

a) permanently enjoin the Defendants, their agents, assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the Plaintiff under the Constitution of the United States of America;

b) grant compensatory damages to Plaintiff in the sum of $1,000.000.00;

c) grant punitive damages to Plaintiff in the sum of $1,000,000.00; and

d) grant Plaintiff Plaintiff's costs of this action, including reasonable attorney fees.

DATED: December 14, 2021

DELORENZO, GRASSO & DALMATA, LLP

By: _____
Cory Ross Dalmata, Esq.
Bar Roll Number: 515909
*Attorneys for Plaintiff*
670 Franklin Street, Suite 100
Schenectady, New York 12305
(518) 374-8494